THE FIFTH NATIONAL BANK OF PITTSBURGH v. THE PITTS-
BURGH & CASTLE SHANNON RAILROAD CO.

*(District Court, W. D. Pennsylvania.    February 18, 1880.)*

STOCKHOLDERS—BOARD OF DIRECTORS—PETITION—RECEIVER.—The
stockholders of a defendant corporation cannot obtain the removal of a
receiver by petition, where it appears from the pleadings that such cor-
poration has a regularly elected board of directors, and that such board
is in active sympathy with the petitioners.

NATIONAL BANK—RECEIVER—DISTRICT COURT—JURISDICTION.—A dis-
trict court of the United States has jurisdiction of a bill in equity pray-
ing for the appointment of a receiver of an insolvent corporation, filed
by a national bank established within the district within which such
court is held.

Petition by alleged majority of the defendant stockholders.

*S. Schoyer, Jr.*, for petitioners.

*D. T. Watson* and *Knox & Reed*, for the receiver and de-
fendant company.

*Hampton & Dalzell*, for H. Sellers McKee.

*Slagle & Wiley*, for the Iron City National Bank.

ACHESON, J.    The parties to this suit are the Fifth National
Bank of Pittsburgh, plaintiff, and the Pittsburgh & Castle
Shannon Railroad Company and George R. Duncan, trustee
of certain mortgage bondholders, defendants.

Certain stockholders of the corporation defendant, claim-
ing to represent a majority of the stock, filed a petition in the
case, containing various prayers, only two of which are now
pressed, viz.: (1) that W. W. Martin be removed from the
receivership of the defendant company, and James M. Bailey
appointed in his stead; (2) that the Iron City National Bank
and Sellers McKee, judgment creditors of the defendant cor-
poration, be restrained from proceeding by execution against
the corporation.

At first I was disposed to regard the petition in the light of
a cross-bill; but, upon a careful examination, I find it lacks
the essential elements of such bill.    Upon the pleadings as
they now stand the petitioners are strangers to this case, and

have no right to relief in the manner proposed, even had they shown good ground therefor. I reach this conclusion with the less hesitation because it appears, from the affidavits read, that the petitioners now have in active sympathy and co-operation with them a majority of the board of directors, and, of course, have it in their power to control the corporation and be heard in court through it.

I might here stop with a simple order dismissing the petition, but the case is so peculiar that I feel called on to add some additional observations.

It was said by counsel for one of the judgment creditors that the court should itself take notice that the case is one not within the jurisdiction of the court. But I do not agree with the counsel upon the question of jurisdiction. By section 563 of the Revised Statutes the United States district courts have jurisdiction, *inter alia*, "of all suits by or against any association established under any law providing for national banking associations within the district within which the court is held."

But while of opinion that the controversy is within the jurisdiction of this court, I am very sure a receiver of the defendant corporation would never have been appointed had the court been in possession of all the facts which have been developed upon the present hearing. It is now plain that the rights of the plaintiff were not of such a character and were not in such jeopardy as to call for a remedy so extraordinary as the appointment of a receiver. Had any opposition been made by the defendants, clearly the court would have refused such appointment. In fact, it now for the first time appears that the corporation defendant acquiesced in, if it did not secretly promote, the appointment of a receiver in its own interests. This was not apparent to the court when the appointment was made.

At that time there was a contest for the office of receivership between the stockholders, some favoring Mr. Martin, others Mr. Bailey. The former was appointed. I do not find he has been guilty of any act of commission or omission since his apppointment calling for his removal for cause.

No one having a proper standing in court has asked the court to rescind the order appointing a receiver, and I do not think the court of its own motion is called upon to make such order.

But creditors of the corporation will no longer be hindered in bringing suits or proceeding by execution against it. Leave will be and is hereby granted to them to proceed by suit and execution.

This permission, however, is subject to a qualification in the case of M. B. Thompson, Jane Reamer, Minerva H. Rahauser, Jane Redman and Margaret Reamer. These parties proceeded in the common pleas court, No. 2, against 'the Pittsburgh & Castle Shannon Railroad Company and the receiver, by an action of ejectment, in clear contempt of the authority of this court. A subsequent application was made to this court to sustain that suit, but this was refused. I have been asked to reconsider the action of the court in this regard, and I was, at first, disposed to do so; but upon reflection I have concluded not to disturb the former order of the court. But leave is now granted to said parties to bring and prosecute to judgment and execution a new action of ejectment, or such other suits as may be appropriate to their case.

Petition dismissed.